LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
Eve H. Karasik, CA SBN 155356
[admitted in main case *pro hac vice*]
2818 La Cienega Avenue
Los Angeles, CA 90034
(310) 229-1234
ehk@lnbyg.com

POLSINELLI PC
Jane Pearson, WSBA #12785
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 393-5415
jane.pearson@polsinelli.com

*Conflicts Counsel for Harbor Custom Development, Inc., Belfair Apartments, LLC and Pacific Ridge CMS, LLC*

The Honorable Mary Jo Heston
Chapter 11

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re

HARBOR CUSTOM
DEVELOPMENT, INC., et al.,

Debtors.[1]

Chapter 11

Case No. 23-42180
(Jointly Administered)

---

[1] The Debtors and their case numbers are: Harbor Custom Development, Inc. (Lead Case); Belfair Apartments, LLC (23-42181); HCDI at Semiahmoo LLC (23-42183); Beacon Studio Farms LLC (23-42184); HCDI Bridge View, LLC (23-42187); HCDI FL Condo LLC (23-42188); Pacific Ridge CMS, LLC (23-42189), and Tanglewilde, LLC (24-40232).

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT - 1

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

| | |
|---|---|
| HARBOR CUSTOM DEVELOPMENT, INC.; BELFAIR APARTMENTS, LLC; and PACIFIC RIDGE CMS, LLC | Adversary No. _____ |
| Plaintiffs, | **COMPLAINT (I) TO DETERMINE EXTENT AND VALIDITY OF LIENS, (II) OBJECTION TO CLAIMS, (III) EQUITABLE SUBORDINATION OF CLAIMS, (IV) SURCHARGE OF PROPERTY SECURING ALLOWED CLAIMS, (V) RECOVERY OF PAYMENTS MADE POSTPETITION, AND FOR (VI) DECLARATORY JUDGMENT** |
| v. | |
| SOUND CAPITAL CONSTRUCTION FUND, LLC; SOUND EQUITY HIGH INCOME DEBT FUND, LLC; SOUND CAPITAL LOANS, LLC; ATHENE ANNUITY AND LIFE COMPANY; and DOES I THROUGH X | |
| Defendants. | |

Harbor Custom Development, Inc. ("HCDI"), Belfair Apartments, LLC ("Belfair Apartments," Pacific Ridge CMS, LLC ("Pacific Ridge," and collectively together with HCDI and Belfair Apartments "Plaintiffs"), seek a declaratory judgment, and the other relief set forth below, and hereby allege as follows:

## JURISDICTION

1.      HCDI, Belfair Apartments, and Pacific Ridge filed petitions for relief under Chapter 11 of the Bankruptcy Code on December 11, 2023 (the "Petition Date") in the Bankruptcy Court for the Western District of Washington, under Bankruptcy Case Nos. 23-42180-MJH, 23-42181-MJH, and 23-42189-MJH. The cases have been administratively consolidated (along with those of other subsidiaries of HCDI).

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(A), (B), (E), (K), (M), and (O) and Fed. R. Bankr. P. 7001(1), (2), and (9). This is a core proceeding.

## PARTIES

3.      HCDI is a Washington corporation.

4.      Belfair Apartments is a Washington limited liability company.

5.      Pacific Ridge is a Washington limited liability company.

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

6. Defendant Sound Capital Loans, LLC ("Sound Capital") is a Delaware limited liability company doing business in the State of Washington.

7. Defendant Sound Equity High Income Debt Fund, LLC ("Sound Equity") is a Delaware limited liability company doing business in the State of Washington.

8. Sound Capital Construction Fund, LLC ("Sound Construction") is a Delaware limited liability company doing business in the State of Washington. Sound Capital, Sound Equity, and Sound Construction are sometimes collectively referred to herein as the "Sound Entities."

9. Athene Annuity and Life Company ("Athene") is an Iowa corporation doing business in the State of Washington.

10. DOES I through X are individuals and entities, the identity of which are presently unknown, who own may have purchased one or more loans made by Sound Capital, Sound Equity or Sound Construction and may be the real parties in interest.

11. The Sound Entities have each filed a Proof of Claim in these administratively consolidated cases: claim numbers 165, 166, and 168.

12. Athene has not filed a Proof of Claim in these administratively consolidated cases.

## FACTUAL ALLEGATIONS

### Debtors

13. HCDI is a real estate development company located in Tacoma, Washington. HCDI has been involved in all aspects of the land development cycle including land acquisition, entitlements, development, construction of project infrastructure, single- and multi-family vertical construction, marketing, and sales of various residential projects in Western Washington's Puget Sound region.

14. HCDI acquires and develops land based on an understanding of population growth patterns, entitlement restrictions and land use evaluation, infrastructure development, and geo-economic forces. In addition to projects in Western Washington, HCDI expanded its portfolio with projects in California, Texas, and Florida.

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -3



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

15. As of the Petition Date, HCDI invested in and managed its own real estate assets and projects (the "HCDI Properties"), and invested in, advanced funds to, and managed assets and projects through wholly owned limited liability companies (each, an "LLC Property" and together with the HCDI Properties, the "Properties"). Belfair Apartments, LLC ("Belfair Apartments"); HCDI at Semiahmoo LLC ("Semiahmoo"); Beacon Studio Farms LLC ("Beacon Studio"); HCDI Bridge View, LLC ("Bridge View"); HCDI FL Condo LLC ("Punta Gorda"); Tanglewilde LLC ("Tanglewilde"); and Pacific Ridge CMS, LLC ("Pacific Ridge") are each Debtors in these Chapter 11 Cases, and all hold real property assets and projects managed by HCDI (the "Debtors").

16. After the Petition Date, the Debtors continued to manage their properties.

17. As of the Petition Date, HCDI directly owned several projects in California and Texas, including projects known as Darkhorse in California, and Cimarron Hills, Creeks Edge, Flintrock Falls, Siena Creek, Stonehouse, and Summit Rock, all in Texas. These projects included single-family homes (constructed and in development), developed lots, and land.

18. HCDI's wholly owned subsidiary, Belfair Apartments, owns an apartment complex and related assets in Belfair, Washington.

19. HCDI's wholly owned subsidiary, Pacific Ridge CMS, owns an apartment complex in Tacoma, Washington.

20. Pacific Ridge CMS has filed a motion to convert its Chapter 11 Case to Chapter 7, which is set for hearing on June 28, 2024.

### Loans by Sound Equity

- Sound Equity – Belfair, Washington

21. On or about June 27, 2023, Belfair Apartments executed and delivered to Sound Equity a Promissory Note Secured by Deed of Trust with a principal amount of $19,950,000.00 (the "Belfair Note"). As security, Belfair Apartments executed and delivered to Sound Equity a Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Filing (the "Belfair DOT"). The Belfair DOT covers a portion of the real property owned by Belfair Apartments referred to as

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -4



POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

"Belfair Phase I."

22.   Sound Equity recorded the Belfair DOT on June 30, 2023, under Mason County, Washington Auditor's File No. 2199011.

23.   On information and belief, on June 27, 2023, Sound Equity executed and delivered to Sound Capital an Assignment of Deed of Trust, assigning a 100% undivided interest in the Belfair DOT to Sound Capital together with the Belfair Note. The assignment from Sound Equity to Sound Capital was recorded on June 30, 2023 under Mason County Auditor's File No. 2199021.

24.   On information and belief, on June 27, 2023, on the same day that Sound Capital acquired the Belfair Note and Belfair DOT from Sound Equity, Sound Capital executed and delivered to Athene an Assignment of Deed of Trust, assigning a 100% undivided interest in the Belfair DOT and the Belfair Note to Athene. The assignment was recorded on June 30, 2023, under Mason County Auditor's File No. 2199038. The Sound Entities did not disclose to Plaintiffs or this Court the transfer of the Belfair Note and Belfair DOT to Athene until June 4, 2024, six (6) months after the filing of the Bankruptcy Cases.

25.   As of the Petition Date, Debtors believed approximately $20,123,998.67 remained outstanding on the Belfair Note.

- Sound Equity Loans to HCDI in Texas
  - Sound Equity Loan 0325

26.   On or about June 23, 2022, HCDI executed and delivered to Sound Equity a Promissory Note Secured by Deed of Trust with a principal amount of $1,344,000.00 ("Sound Equity Note 0325"). As security, HCDI executed and delivered to Sound Equity a Deed of Trust and Security Agreement, securing Sound Equity Loan 0325 with what is known as Lot 14 Mitchell Creek Drive, Horseshoe Bay, Texas ("Sound Equity DOT 0325"). Sound Equity DOT 0325 was recorded under Llano County, Texas Auditor's File No. 22 05603.

27.   On information and belief, on or about October 1, 2023, Sound Equity extended the maturity date on Sound Equity Loan 0325 to April 1, 2024.

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -5



POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

28. On information and belief, Sound Equity assigned Sound Equity Note 0325 and Sound Equity DOT 0325 to Athene on or about February 14, 2024. Sound Equity did not disclose to Plaintiffs or this Court the transfer of the assigned Sound Equity Note 0325 and Sound Equity DOT 0325 to Athene.

- Sound Equity Loan 0346

29. On or about July 14, 2022, HCDI executed and delivered to Sound Equity a Promissory Note Secured by Deed of Trust with a principal amount of $1,110,000.00 ("Sound Equity Note 0346"). As security, HCDI executed and delivered to Sound Equity a Deed of Trust and Security Agreement securing Sound Equity Note 0346 with what is known as Lot 41, Mitchell Creek Drive, Horseshoe Bay, Texas ("Sound Equity DOT 0346). Sound Equity recorded the Sound Equity DOT 0346 under Llano County Auditor's File No. 22 06279.

30. On information and belief, or about August 1, 2023, HCDI executed a Loan Modification Agreement extending the maturity date to November 1, 2023.

31. As of the Petition Date, approximately $1,118,306.77 remained outstanding on Sound Equity Note 0346.

32. On information and belief, Sound Equity assigned Sound Equity Note 0346 and Sound Equity DOT 0346 to Athene on or about February 14, 2024. Sound Equity did not disclose to Plaintiffs or this Court the transfer of the assigned Sound Equity Note 0346 and Sound Equity DOT 0346 to Athene.

- Sound Equity Loan 0812

33. On or about July 5, 2022, HCDI executed and delivered to Sound Equity a Promissory Note Secured by Deed of Trust with a principal amount of $882,000.00 ("Sound Equity Note 0812"). As security, HCDI executed and delivered to Sound Equity a Deed of Trust and Security Agreement, securing Sound Equity Note 0812 with what is known as 404 Paintbrush Lot 62, Horseshoe Bay, Texas ("Sound Equity DOT 0812"). On information and belief, Sound Equity DOT 0812 was recorded under Llano County Auditor's File No. 22 05843.

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -6



POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

34.     On information and belief, Sound Equity assigned Sound Equity Note 0812 and Sound Equity DOT 0812 to Athene on or about February 14, 2024. Sound Equity did not disclose to Plaintiffs or this Court the transfer of the assigned Sound Equity Note 0812 and Sound Equity DOT 0812 to Athene.

35.     On information and belief, Sound Equity certified that the Sound Equity DOT 0812 was paid in full and released and satisfied in full.

- Sound Equity Loan 0373

36.     On or about July 5, 2022, HCDI executed and delivered to Sound Equity a Promissory Note Secured by Deed of Trust with a principal amount of $1,141,000 ("Sound Equity Note 0373"). As security, HCDI executed and delivered to Sound Equity a Deed of Trust and Security Agreement, securing Sound Equity Note 0812 with what is known as 404 Paintbrush Lot 62, Horseshoe Bay, Texas ("Sound Equity DOT 373"). On information and belief, Sound Equity DOT 0812 was recorded under Llano County Auditor's File No. 22 05845.

37.     On information and belief, Sound Equity assigned Sound Equity Note 0373 and Sound Equity DOT 0373 to Athene on or about February 14, 2024. Sound Equity did not disclose to Plaintiffs or this Court the transfer of the assigned Sound Equity Note 0373 and Sound Equity DOT 0373 to Athene until June 4, 2024.

**Loans by Sound Construction**

- Sound Construction Loan to Pacific Ridge

38.     On or about October 5, 2021, Pacific Ridge executed and delivered to Sound Construction a Promissory Note Secured by Deed of Trust with a principal amount of $20,129,525.00 (the "Sound Const.– Pacific Ridge Note"). As security, Pacific Ridge executed and delivered to Sound Construction a Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Filing (the "Sound Const. - Pacific Ridge DOT"). Sound Capital recorded the Pacific Ridge Security Instrument under Pierce County Auditor's File No. 202110080578.

39.     On or about November 1, 2023, HCDI executed a Loan Modification Agreement

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -7

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

extending the maturity date to February 1, 2024.

40. As of the Petition Date, the Debtors believed approximately $20,297,088.41 remained outstanding on the Sound Const. - Pacific Ridge Note. On or about September 20, 2022, Pacific Ridge executed a Deed of Trust in favor of 222 LLC et al., in connection with a Promissory Note executed by HCDI, as borrower and 222 LLC et al., as lender on September 19, 2022.

41. On information and belief, Sound Construction assigned the Sound Const. - Pacific Ridge Note and Sound Const. – Pacific Ridge DOT to Athene on or about November 8, 2021. Sound Construction did not disclose to Plaintiffs or this Court the transfer of the assigned Sound Const. - Pacific Ridge Note and Sound Const. – Pacific Ridge DOT to Athene until June 4, 2024, six (6) months after the filing of the bankruptcy bases.

- Sound Construction Loans to HCDI in Texas

42. Sound Construction made the following separate loans in the amounts and on the dates indicated, secured by the properties indicated. Each deed of trust stated that there was no other debt securing the applicable deed of trust.

| Loan | Date | Amount | Address | Status |
|------|------|--------|---------|--------|
| Sound Const. Loan 0044 | 5/12/2022 | $966,456 | 109 Beauty Berry, Horseshoe Bay, TX 78657 | Assigned to Athene |
| Sound Const. Loan 0228 | 5/12/22 | $905,942 | 100 Honeysuckle, Horseshoe Bay, TX 78657 | Assigned to Athene; Satisfied 4/9/24 |
| Sound Const. Loan 0276 | 5/18/2022 | $901,526 | 105 Yellow Bells, Horseshoe Bay, TX 78657 | Assigned to Athene |
| Sound Const. Loan 0320 | 5/12/2022 | $860,078 | 500 Paintbrush, Horseshoe Bay, TX 78657 | Assigned to Athene ; Satisfied 4/22/24 |
| Sound Const. Loan 0551 | 5/12/2022 | $905,969 | 609 Paintbrush, Horseshoe Bay, TX 78657 | Assigned to Atheen |
| Sound Const. | 6/8/2022 | $843,207 | 101 Yellow Bells, Horseshoe | Assigned to |

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -8



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

| | | | | |
|---|---|---|---|---|
| Loan 0662 | | | Bay, TX 78657 | Athene |
| Sound Const. Loan 0671 | 5/17/2022 | $894,595 | 100 Yellow Bells, Horseshoe Bay, TX 78657 | Assigned to Athene |
| Sound Const. Loan 0449 | 5/12/2022 | $930,834 | 100 Beauty Berry, Horseshoe Bay, TX 78657 | Assigned to Athene |
| Sound Const. Loan 0345 | 5/10/2022 | $905,000 | 209 Star Thistle Trail, Georgetown, TX 78628 | |
| Sound Const. Loan 0393 | 5/10/2022 | $1,015,000 | 806 Flint Ridge Trail, Georgetown, TX 78628 | |
| Sound Const. Loan 0443 | 5/10/2022 | $1,161,000 | 1111 W Cimarron Hills Trail, Georgetown, TX 78628 | |
| Sound Const. Loan 0741 | 5/10/2022 | $1,025,000 | 810 Flint Ridge Trail, Georgetown, TX 78628 | |
| Sound Const. Loan 0219 | 6/24/2022 | $1,235,000 | 501 Black Wolf Run, Austin, TX 78738 | |
| Sound Const. Loan 0929 | 1/25/2022 | $750,540 | 105 Mitchell Creek Dr, Horseshoe Bay, TX 78657 | Assigned to Athene |
| Sound Const. Loan 0479 | 8/24/22 | $1,223,000 | 24 Lots | Assigned to Athene |

43.     On or about February 26, 2024, Sound Construction's assignments of the Sound Const. Notes and Deeds of Trust ending in 0044, 0228, 0276, 0320, 0552, 0662, 0671, 0449, 0929, and 0479 to Athene were recorded in Llano County, Texas. Sound Construction did not disclose to Plaintiffs or this Court the transfer of the of the Notes and Deeds of Trust listed in this Paragraph to Athene until June 4, 2024.

## Sound Capital Loans in California

- Sound Capital Loan 0017

44.     On or about October 4, 2021, HCDI executed and delivered to Sound Capital a

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -9



Promissory Note Secured by a Deed of Trust with a principal amount of $998,710.00 ("Sound Cap. Loan 0017"). As security, HCDI executed and delivered to Sound Capital a Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Filing (the "Sound Cap. DOT 0017"). Sound Capital recorded the Sound Cap. DOT 0017 under Nevada County, California Auditor's File No. 20210034082. As of the Petition Date, approximately $101,204.45 remained outstanding on the First SC Darkhorse Loan. The lot associated with this loan has been sold, and the outstanding balance was fully paid off during the course of this Chapter 11.

- *Sound Capital Loan 0039*

45.     On or about January 28, 2022, HCDI executed and delivered to Sound Capital a Promissory Note Secured by a Deed of Trust with a principal amount of $2,813,000.00 (the "Sound Cap. Loan 0039"). As security, HCDI executed and delivered to Sound Capital a Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Filing (the "Sound Cap. DOT 0039"). Sound Capital recorded the Sound Cap. DOT 0039 under Nevada County Auditor's File No. 20220002954. As of the Petition Date, approximately $1,954,010.09 remained outstanding on the Second SC Darkhorse Loan. For the period between the Petition Date and March 4, 2024, five (5) Darkhorse lots were sold, and the principal balance *was reduced by $609,479.47.*

**E.     Sound Equity Proof of Claim No. 166 Filed in Belfair Apartments, LLC**

46.     Sound Equity filed a Proof of Claim on February 15, 2024, in the case of Belfair Apartments, Claim Number 166 (the "Sound Equity Belfair Proof of Claim").

47.     The Sound Equity Belfair Proof of Claim states that it is in the amount of $63,459,688.03. While the box in paragraph seven (7) is checked "yes" and states that a statement itemizing interest, fees and expenses is attached, no such attachment is attached to the Sound Equity Belfair Proof of Claim available through BMC Group, the claims agent ("BMC").

48.     The basis for the Sound Equity Belfair Proof of Claim as set forth in paragraph eight of the Sound Equity Belfair Proof of Claim is "Promissory Notes and Deeds of Trust cross-

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -10



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

collateralized with other Promissory Notes owed by Pacific Ridge CMS, LLC and HCDI."

49.     Paragraph nine of the Sound Equity Belfair Proof of Claim states that the value of the property collateralizing the $63.5 million claim is $28,500,000.00.

50.     Part three of the Sound Equity Belfair Proof of Claim, which requires a signature, has the typed name of David Huey on behalf of Sound Capital.

51.     The Sound Equity Proof of Claim does not disclose that the Belfair DOT and the Belfair Note had been assigned to Athene.

52.     The only attachment to the Sound Equity Belfair Proof of Claim is a chart that purports to reflect in columns from left to right various loans, given that the total corresponds with the total amount claimed in the Sound Equity Belfair Proof of Claim ($63.5 million). The chart is unclear but appears to list those loans that are referenced in paragraph eight of the Sound Equity Belfair Proof of Claim as cross-collateralized with the Belfair Note and Belfair DOT.

53.     There are no notes, deeds of trust or other agreements attached to the Sound Equity Belfair Proof of Claim that demonstrate how obligations owed by entities other than Belfair Apartments are an obligation of Belfair Apartments or are otherwise cross-collateralized.

54.     On or about December 13, 2023, Sound Equity filed its Notice of Nonconsent of Use of Cash Collateral (Lead Case, ECF No. 42) ("Sound Equity Objection").

55.     Attached to the Sound Equity Objection as Exhibit 1 (Lead Case, ECF No. 42-1) is a copy of the Belfair Note. The Belfair Note, dated less than six (6) months prior to HCDI filing a Chapter 11 Petition with this Court, is in the principal amount of $19,950,000.00.

56.     In the Declaration of David Huey (Lead Case, ECF No. 59 (the "Huey Declaration")) filed in support of the Sound Entities Objection to Emergency Order Authorizing Use of Cash Collateral, Granting Adequate Protection and Setting Final Hearing (Lead Case, ECF No. 58) (the "Interim Cash Collateral Objection"), Mr. Huey states that Sound Equity provided written demand regarding default to Belfair Apartments. On information and belief, Belfair Apartments received no written demand of default from Sound Equity.

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -11



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

57. On information and belief, the Sound Entities may have made payments to Athene for amounts due on the Belfair Note (the "Belfair Debt Payments"). If the Sound Entities made Belfair Debt Payments to Athene, then the amount of the debt due on the Belfair Note should be reduced by the Belfair Debt Payments.

**F.    Sound Construction Proof of Claim No. 168 Filed in Pacific Ridge CMS, LLC**

58. Sound Construction filed a Proof of Claim on February 15, 2024, in the Pacific Ridge case, Claim Number 168 (the "Sound Construction Pacific Ridge Proof of Claim").

59. The Sound Construction Pacific Ridge Proof of Claim states that it is in the amount of $63,459,688.03. While the box in paragraph seven (7) is checked "yes" and states that a statement itemizing interest, fees and expenses is attached, no such attachment is attached to the Sound Construction Pacific Ridge Proof of Claim available through BMC.

60. The basis for the Sound Construction Pacific Ridge Proof of Claim as set forth in paragraph eight of the Sound Construction Pacific Ridge Proof of Claim is "Promissory Notes and Deeds of Trust cross-collateralized with other Promissory Notes owed by Belfair Apartments, LLC and HCDI."

61. Paragraph nine of the Sound Construction Pacific Ridge Proof of Claim states that the value of the property collateralizing the $63.5 million claim is $17,000,000.

62. Part three of the Sound Construction Pacific Ridge Proof of Claim, which requires a signature, has the typed name of David Huey on behalf of Sound Capital.

63. The Sound Construction Pacific Ridge Proof of Claim does not disclose that the Sound Constr. - Pacific Ridge DOT and the Sound Constr. - Pacific Ridge Note had been assigned to Athene.

64. The only attachment to the Sound Construction Pacific Ridge Proof of Claim is a chart that purports to reflect in columns from left to right various loans, given that the total corresponds with the total amount claimed in the Sound Construction Pacific Ridge Proof of Claim

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -12



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

($63.5 million). The chart is not clear but appears to list those loans which are referenced in Paragraph eight as cross-collateralized with the Pacific Ridge Note and Pacific Ridge DOT.

65. There are no notes, deeds of trust or other agreements attached to the Sound Construction Pacific Ridge Proof of Claim that demonstrate how obligations owed by entities other than Pacific Ridge are an obligation of Pacific Ridge or are otherwise cross-collateralized.

66. On or about December 13, 2023, Sound Construction filed its Notice of Nonconsent of Use of Cash Collateral (Lead Case, ECF No. 43) ("Sound Construction Objection").

67. Attached to the Sound Construction Objection as Exhibit 1 (Lead Case, ECF No. 43-1) is a copy of the Pacific Ridge Note. The Pacific Ridge Note, dated October 5, 2021, is in the principal amount of $20,129,525.00.

68. In the Huey Declaration filed in support of the Interim Cash Collateral Objection, Mr. Huey states that the Sound Entities provided written demand regarding default on the Pacific Ridge Note to Pacific Ridge. On information and belief, Pacific Ridge received no written demand of default from Sound Construction.

69. On information and belief, the Sound Entities may have made payments to Athene for amounts due on the Sound Const. – Pacific Ridge Note (the "Pacific Ridge Debt Payments"). If the Sound Entities made Pacific Ridge Debt Payments to Athene, then the amount of the debt due on the Sound Const. – Pacific Ridge Note should be reduced by the Pacific Ridge Debt Payments.

**G. Sound Entities Proof of Claim No. 165 Filed in HCDI**

70. The Sound Entities filed a Proof of Claim on February 15, 2024, in the HCDI case, Claim Number 165 (the "Sound Entities HCDI Proof of Claim").

71. The Sound Entities HCDI Proof of Claim states that it is in the amount of $63,459,688.03. While the box in paragraph seven (7) is checked "yes" and states that a statement itemizing interest, fees and expenses is attached, no such attachment is attached to the Sound

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -13



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

Entities HCDI Proof of Claim available through BMC.

72. The basis for the Sound Entities HCDI Proof of Claim as set forth in paragraph eight of the Sound Entities HCDI Proof of Claim is "Promissory Notes and Deeds of Trust cross-collateralized with other Promissory Notes owed by Pacific Ridge CMS, LLC and Belfair."

73. Paragraph nine of the Sound Entities HCDI Proof of Claim states that the value of the property collateralizing the $63.5 million claim is $27,127,550.00.

74. Part three of the Sound Entities HCDI Proof of Claim, which requires a signature, has the typed name of David Huey on behalf of Sound Capital.

75. The Sound Entities HCDI Proof of Claim does not disclose that certain of the Sound Entities' deeds of trust and notes on the HCDI Properties (the "Sound Entities HCDI Properties DOTs" and the "Sound Entities HCDI Notes") had been assigned to Athene.

76. The only attachment to the Sound Entities HCDI Proof of Claim is a chart that purports to reflect in columns from left to right various loans, given that the total corresponds with the total amount claimed in the Sound Entities HCDI Proof of Claim ($63.5 million). The chart is not clear but appears to list those loans which are referenced in paragraph eight of the Sound Entities HCDI Proof of Claim as cross-collateralized with the Pacific Ridge Note and Pacific Ridge DOT, and Belfair Note and Belfair DOT.

77. There are no notes, deeds of trust or other agreements attached to the Sound Entities HCDI Proof of Claim that demonstrate how the obligations are cross-collateralized with obligations from different lender entities and/or borrowers.

78. In the Huey Declaration filed in support of the Interim Cash Collateral Objection, Mr. Huey states that the Sound Entities provided written demand regarding default on the Texas Notes and California property notes to HCDI. On information and belief, HCDI received no written demand of default from the Sound Entities.

79. On information and belief, the Sound Entities may have made payments to Athene for amounts due on the HCDI Properties Notes (the "HCDI Debt Payments"). If the Sound Entities

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -14

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

made HCDI Debt Payments to Athene, then the amount of the debt due on the Sound Entities HCDI Notes should be reduced by the HCDI Debt Payments.

**H. The Belfair Note Is Not Cross-Collateralized with the Pacific Ridge Note or Other HCDI Texas Notes[2]**

80. Paragraph twenty-five of the Belfair Note is captioned "Cross-Default; Cross Collateralization." It states quite simply that ". . .The loan is crossed defaulted with all Related Loans to lender and/or the same purchaser such that a default under the terms of any loan agreement, promissory note . . . governing or securing any Related Loans with the lender and/or the same purchaser constitutes an immediate default under the Loan and this Note. Additionally, all such Related Loans are cross collateralized such that following an event of default under the Loan or any of the Related Loans, Lender, in its discretion, may exercise its rights and remedies against any and all of the collateral securing the Loan or any of the Related Loans to Lender and/or the same purchaser."

81. The term "Related Loans" is defined in Section 9(c) of the Belfair Note defined within the Belfair Note. The pertinent language provides: " . . . or other agreements, documents or instrument evidencing, governing or securing any Indebtedness owing by Borrower, Guarantor or any of their Affiliates (as defined below) to Lender or any of its Affiliates or to a specific future assignee of Lender or its Affiliates ( collectively, a "Related Loan")."

82. However, there is no application of proceeds provision in the Belfair Note providing for the use of proceeds from Belfair Note or the Belfair Loan to repay other loans such as the Pacific Ridge Note. Section 9 (Events of Default; Acceleration) of the Belfair Note provides: "Lender shall apply any proceeds received by it as a result of an Event of Default as set forth in

---

[2] The Pacific Ridge loan documents suffer from many of the same deficiencies as the Belfair Note and DOT with respect to cross-collateralization. Given that it is unlikely that there will be proceeds in excess of the Pacific Ridge Note obligations, the Complaint does not address in detail the basis for the lack of cross-collateralization in the Pacific Ridge loan documents, but Plaintiffs reserve their rights to further amend this Complaint on this issue if excess proceeds are generated from a sale of the Pacific Ridge property.

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -15



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 ● (206) 393-5400

the 'Application of Proceeds' section of the Personal Guaranty." Personal Guaranty is not defined; however, Guaranty is defined in Section 1(b) to mean a Guaranty from HCDI. Plaintiffs do not have a copy of the Personal Guaranty or Guaranty.

83.    Other Sound Entities loans had guarantees such as the Corporate Guaranty from HCDI for loan on Lot 130 the Trails. *The Lot 130 The Trails Corporate Guaranty provides:*

> APPLICATION OF PROCEEDS.  All proceeds of the claims that Borrower may receive or be entitled to receive shall be paid to Lender. Lender shall apply any proceeds received by it hereunder or for any Related Loan (as defined in the Note) first to the payment of the reasonable costs and expenses incurred in the collection of the proceeds. Lender shall then apply the remaining balance of such proceeds (the "Net Claims Proceeds"), in its absolute discretion and without regard to the adequacy of its security, as follows: (i) to any of the Obligations, notwithstanding the fact that Obligations may not be due according to the terms thereof; (ii) to reimburse Borrower for the costs of reconstructing the Improvements or otherwise repairing or restoring any collateral; or (iii) to Borrower; provided, however, that if there are no outstanding Events of Default …

84.    In the Lot 130 The Trails Corporate Guarantee, "Obligations" is defined in Section 2 as limited to those under the Note and Loan Documents, but Loan Documents is not defined and in Section 1 it refers to a guaranty of obligations "under or related to the Loan and related Loan Documents . . . ." It does not say "Related Loan Documents" or otherwise refer to "Related Loans" in this definition of Obligations. To the extent the Guaranty for the Belfair Note is similar to the Corporate Guaranty from HCDI above, the Application of Proceeds section does not provide for application of proceeds from the Belfair Note to repay other Sound Entities' loans such as the Pacific Ridge Note.

85.    The Belfair DOT fails to perfect a lien on property other than Belfair Phase 1. Attached as Exhibit 2 to the Sound Equity Objection filed on December 13, 2023 (Lead Case, ECF No. 42-2) is a copy of the Belfair Deed of Trust. Numerous terms are defined therein, including "Related Documents," but there is no definition for "Related Loans." Further, the term "Indebtedness" used in the Related Documents definition also fails to include "Related Loans". I Deed of Trust and the Belfair Phase I Note had been assigned to Athene.

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -16



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

86.     On information and belief, the Plaintiffs understand that there is no Loan Modification for the Belfair Note as there is for the Pacific Ridge Note. The Loan Modification for the Pacific Ridge Note appears to attempt to address the lack of cross-collateralization language *in the Pacific Ridge loan documents.*

**I.      The HCDI Texas Notes Are Not Cross-Collateralized with the Belfair Note or HCDI Texas Notes with Different Sound Entity Lenders.**

87.     Sound Equity also held four (4) notes secured by deeds of trust on lots and homes called Summit Rock (2) and Siena Creek (2). These properties, as of the Petition Date, were each owned by HCDI.

88.     Sound Construction also held various notes secured by deeds of trust on properties located in Texas. Twenty-five (25) of the lots or homes encumbered by these deeds of trust were located in a project known as Horseshoe Bay. The chart attached to each Sound Entity Proof of Claim reflects twenty-four (24) lots and homes in Horseshoe Bay under the lenders loan #22070470. There were, as of the petition dates, an additional nine (9) homes or lots in Horseshoe Bay with loan numbers 21100929; 22040044; 22040228; 22040276; 22040320; 22040449; 22040551; 22040662; and 22040671. All of the Sound Construction loans to HCDI on properties located in Texas by their terms are governed by Texas law.

89.     The chart attached to each Proof of Claim reflects Sound Construction as holding notes and deeds of trust and encumbering six (6) other lots or homes owned by HCDI and located in Texas. The loan numbers are 22050345; 22050393; 22050443; 22050741; 22060219; and 22080940.

90.     All of the Texas notes and Texas deeds of trust referenced in Paragraphs 63, 64 and 65 are hereinafter referred to as the "Texas Notes," and the "Texas DOTS," respectively.

91.     The Texas Notes include cross-default provisions where there is the same lender and the same borrower on multiple notes. The Texas DOTS have no cross-default provisions.

92.     The Texas Notes are not cross-collateralized. The Texas DOTS and Texas Notes

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -17

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

have no cross-collateralization provision and do not contain a definition of Related Loans. The Texas Notes also list "None" for "Other Security of Payment" and the Texas DOTS list "None" for "Other Debt."

93.     The Maturity Extension Agreements for the Texas Notes fail to remedy the lack of cross-collateralization in the Texas Notes and the Texas DOTS. While HCDI acknowledges and agrees that the Texas Note is cross-defaulted with all "Related Loans," Related Loans is not defined in the Maturity Extension Agreement, Texas Notes or Texas DOTS. Further, the Maturity Extension Agreement does not provide that HCDI acknowledges and agrees that the Texas Notes and Texas DOTS are cross-collateralized.

94.     The collateral remaining for the Sound Capital loans to HCDI do not secure any obligations of Pacific Ridge to Sound Construction.

**J.     Payments to the Sound Entities that No Longer Held the Debt on the Athene Properties**

95.     As noted above, the Sound Entities transferred the Belfair Note and Deed of Trust and certain of the Texas Notes and Texas DOTs properties to Athene (the "<u>Athene Properties</u>") but did not disclose these transfers to the Debtors or the Court.

96.     The Debtors and the Sound Entities entered into a Cash Collateral Stipulation (ECF No. 164) pursuant to which the Debtors paid the Sound Entities adequate protection payments in connection with the Sound Entities' loans to the Debtors, including for the Athene Properties.

97.     The Debtors sold certain of the Athene Properties in Texas during the bankruptcy case to third parties and paid all amounts due under the respective loans for such properties to the Sound Entities.

98.     The Debtor paid the adequate protection payments and loan satisfaction payments on the Athene Properties to the Sound Entities and not to Athene, which appears to own the Athene Properties. Any payments made to the Sound Entities on the Athene Properties must be returned to the Debtors as the Sound Entities did not own the loans on the Athene Properties.

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -18



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

**K.  Surcharge of Properties Encumbered by Allowed Secured Claims of Sound Equities and Athene**

99.  During the Bankruptcy Case, the Debtors incurred the reasonable, necessary costs and expenses of preserving and/or disposing of property securing any allowed secured claims of either the Sound Entities and/or Athene that provide a benefit to Sound Entities and/or Athene (the "Surcharge Expenses"). The Debtors are entitled to recover the Surcharge Expenses in an amount to be determined by the Court.

**L.  Equitable Subordination of Claims of Athene and the Sound Entities**

100.  The Sound Entities have represented to the Court that they are the creditors and are owed the debt on the Athene Properties in both pleadings filed in the Bankruptcy Cases and in their filed Proofs of Claim.

101.  Athene has requested notice in these bankruptcy cases and holds the debt on the Athene Properties. Athene has not corrected the representations made by the Sound Entities to the Court that the Sound Entities hold the debt on the Athene Properties.

102.  On June 4, 2024, six (6) months after the Petition Date, the Sound Entities filed the Declaration of Robert Wayne Kenyon (the "Kenyon Declaration") [Dkt. No. 766], in which Mr. Kenyon stated that the Sound Entities had sold certain loans to Athene as set forth in a chart in the Kenyon Declaration, including the Belfair Note and Belfair DOT, the Sound Const. -Pacific Ridge DOT and Sound Const. – Pacific Ridge Note, and certain of the Sound Entities HCDI Notes and Sound Entities HCDI DOTs to Athene. Many of these loans had been transferred by the Sound Entities to Athene years before the bankruptcy cases, including the Belfair DOT and Belfair Note, and the Sound Const. - Pacific Ridge DOT and Sound Const. – Pacific Ridge Note.

103.  The Kenyon Declaration provides that the "Sound Entities" were appointed as "Servicer." Kenyon Declaration, p.2. line 5. The Servicing Agreement dated October 19, 2020, and Amended and Restated Agreement dated January 13, 2023 attached as Exhibits "1" and "2" to the Kenyon Declaration provide that only Sound Capital Loans, LLC is the servicer, and not

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -19

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

Sound Equity or Sound Construction.

104.    Attached as Exhibit "A" to the Amended and Restated Servicing Agreement is the Delegated Authority Matrix, which lists the actions which Servicer can engage in without consent of Athene and the actions which Servicer can engage in only with consent of Athene. Pursuant to the Amended Servicing Agreement, the following actions require Athene consent: Waiver of Regular Interest and Principal, Short Payoff Acceptance, Maturity Date Extensions, Loan Modifications to Principal and/or Interest Rate, Asset Disposition, Work Out Scenarios (Deed in Lieu, Forbearance, Short Sales etc.), and Disposition of REO (loss) all require purchaser consent. Further, some the actions that do not require Athene consent are qualified by the Master Mortgage Loan Purchase Agreement, which is not attached to the Kenyon Declaration or otherwise in the record of these cases. It appears that even though Sound Capital Loans is designated as Servicer, it has very little authority to act on behalf of Athene in the event of the insolvency of Belfair Apartments, Pacific Ridge and/or HCDI, including in connection with the bankruptcy cases.

105.    The misrepresentations by the Sound Entities and Athene that the Sound Entities hold the debt on the Athene Properties has harmed the Debtors and their estates. Accordingly, the Sound Entities Proofs of Claim, if allowed, should be equitably subordinated to the claims of other creditors of the Debtors' estates.

106.    Further, if Athene files proofs of claim in the Debtors' cases based on secured loans they purport to hold on the Athene Properties, such Athene proofs of claims, if allowed, should be equitably subordinated to the claims of other creditors of the Debtors' estates.

## COUNT I: OBJECTIONS TO CLAIMS

### *(11 U.S.C. §§ 502, 506)*

1.    Plaintiffs restate and reallege the allegations contained in the previous paragraphs above, as though set forth herein.

2.    Plaintiffs hereby object, pursuant to sections 105, 502, 506, 544, 549, 550, and 551

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -20



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

of the Bankruptcy Code, to the allowance of Claim Nos. 165, 166, and 168.

3.  Pursuant to the applicable provisions of the Bankruptcy Code, including without limitation section 502(d), and Bankruptcy Rules 3007, 3012, and 7001, each of the claims should be disallowed until such time as the Plaintiffs' claims herein have been finally resolved.

## COUNT II: RECOVERY OF PAYMENTS TO THE SOUND ENTITIES ON THE ATHENE PROPERTIES

### *(11 U.S.C. §§ 105, 542, 544, 549, 550, 551)*

1.  Plaintiffs restate and reallege the allegations contained in the previous paragraphs above, as though set forth herein.

2.  The Sound Entities transferred the Athene Properties to Athene.

3.  The Sound Entities did not disclose that they transferred the Athene Properties to Athene to Plaintiffs or the Court.

4.  After the Sound Entities transferred the Athene Properties to Athene, the Debtors paid the Sound Entities adequate protection payments pursuant to the Cash Collateral Stipulation and loan satisfaction payments on the sale of certain of the Athene Properties in Texas when the Sound Entities no longer owned the debt on the Athene Properties.

5.  Plaintiffs are entitled to recover the payments to the Sound Entities in connection with the Athene Properties pursuant to 11 U.S.C. §§ 105, 542, 544, 549, 550 and 551.

## COUNT III: SURCHARGE

### *(11 U.S.C. § 506(c))*

1.  Plaintiffs restate and reallege the allegations contained in the previous paragraphs above, as though set forth herein.

2.  During the bankruptcy case, the Debtors incurred the Surcharge Expenses.

3.  The Debtors are entitled to recover the Surcharge Expenses from the property securing the allowed secured claims of the Sound Entities and Athene in an amount to be

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -21



POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

determined pursuant to 11 U.S.C. § 506(c).

## COUNT IV: EQUITABLE SUBORDINATION

### *(11 U.S.C. § 510(c))*

1.       Plaintiffs restate and reallege the allegations contained in the previous paragraphs above, as though set forth herein

2.       Defendants have made misrepresentations to the Court regarding the identity of the holders of the secured claims on the Athene Properties, which has caused harm to the Debtors' estates.

3.       To the extent the Sound Entities Proofs of Claim and/or any proofs of claim filed in the Debtors' bankruptcy cases by Athene are allowed, such proofs of claim should be equitably subordinated pursuant to 11 U.S.C. § 506(c) (1) and (2).

## COUNT V: DECLARATORY JUDGMENT AGAINST THE SOUND ENTITIES

1.       Plaintiffs restate and reallege the allegations contained in the previous paragraphs above, as though set forth herein.

2.       Plaintiffs dispute the nature, extent, and priority of the Sound Entities' claimed security interests in certain collateral, including without limitation, collateral owned by debtors HCDI, Pacific Ridge, and Belfair Apartments, giving rise to an actual controversy.

3.       Plaintiffs are entitled to a judgment declaring the nature, extent, and priority of the Sound Entities' alleged interests in real property of HCDI and that of its wholly owned subsidiaries, including Pacific Ridge and Belfair Apartments.

4.       Plaintiffs are entitled to a judgment declaring that the Belfair Note and Belfair DOT is not cross-collateralized with the Pacific Ridge Note and Pacific Ridge DOT, and the HCDI Texas Notes and Texas DOTS.

5.       Plaintiffs are entitled to a judgment declaring that the HCDI Texas Notes and Texas DOTS are not cross-collateralized with the Pacific Ridge Note and Pacific Ridge DOT, the Belfair

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -22



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

Note and Belfair DOT, and the Texas Notes and Texas DOTS across different lenders.

### PRAYER FOR RELIEF

Plaintiffs respectfully request the Court to enter judgment in their favor and against and the Sound Entities as follows:

A. The Court should enter judgment in favor of Plaintiffs determining that none of Sound Equity, Sound Construction, and Sound Capital loans are cross-collateralized.

B. The Court should disallow the Sound Construction proof of claim.

C. The Court should disallow the Sound Equity proof of claim.

D. The Court should disallow the Sound Capital proof of claim.

E. The Court should equitably subordinate any allowed claim of one or more of the Sound Entities.

F. The Court should enter judgment authorizing Plaintiffs to recover the Surcharge Expenses in an amount to be determined.

G. The Court should enter judgment authorizing Plaintiffs to recover the payments to the Sound Entities in connection with the Athene Properties pursuant to 11 U.S.C. §§ 105, 544, 549, 550, and 551.

H. The Court should enter judgment in favor of Plaintiffs determining the scope of the Sound Entities' interest in property of HCDI and its subsidiaries.

I. The Court should award the Debtors their attorneys' fees and other costs pursuant to the Loan Documents and applicable law, including all fees and costs incurred in connection with this adversary proceeding.

///

///

///

///

///

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS, DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY JUDGMENT -23

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

1  J.  The Court should award such other and further relief as the Court deems just and
2  proper.

3  Dated: June 17, 2024  LEVENE, NEALE, BENDER, YOO &
4  GOLUBCHIK L.L.P.

5  By: */s/ Eve H. Karasik*
   Eve H. Karasik (admitted *pro hac vice*)
6  2818 La Cienega Ave.
   Los Angeles, CA  90034
7  (310) 229-3350
   EHK@lnbyg.com
8

9  POLSINELLI PC

10  */s/ Jane Pearson*
    Jane Pearson, WSBA No. 12785
11  1000 Second Ave., Ste 3500
    Seattle, WA  98105
12  (206) 393-5415
    Jane.pearson@polsinelli.com
13

14  *Conflicts Counsel for Harbor Custom Development,*
    *Inc., Belfair Apartments, LLC, and Pacific Ridge*
15  *CMS, LLC, Chapter 11 Debtors and Debtors in*
    *Possession*
16

17

18

19

20

21

22

23

24

25

26

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS,
DISALLOWANCE OF CLAIMS, AND FOR DECLARATORY
JUDGMENT -24



